IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Angela Baker, <br><br> Plaintiff, <br><br> v. <br><br> Lowes Foods, LLC, <br><br> Defendant. | C/V No.: 3:24-cv-02082-MGL-SVH <br><br><br> COMPLAINT |

## INTRODUCTION

COMES NOW Plaintiff Angela Baker, by and through her undersigned attorneys of record, and brings the following Causes of Action against Defendant Lowes Foods, LLC: (1) Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended; (2) Breach of Contract; and (3) Breach of Contract with Fraudulent Intent. Plaintiff pleads as follows:

## ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

    a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on October 10, 2023.

    b. Plaintiff received a Notice of Right to Sue from the EEOC on January 29, 2024.

    c. Plaintiff has timely filed this action within ninety (90) days of the date on which she received her Notice of Right to Sue as described in Paragraph 1(b).

## PARTIES

2. Plaintiff Angela Baker, an African American female, is a citizen of the United States and resides in Richland County, South Carolina within this judicial district.

1

3. Defendant Lowes Foods is located in Winston-Salem, North Carolina, and is an organization conducting business and operations in the State of South Carolina. Defendant is legally organized and exists under the Code of Laws of the State of North Carolina.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964, as amended, and other Federal statutes. This Court also has pendent and supplementary jurisdiction over so much of this action as is based on state law.

5. Venue is proper in the Columbia Division because the causes of action arose therein, the acts and practices complained of occurred there, and it is where Defendant both does business and may be found.

## FACTS

6. Plaintiff worked for Lowes Foods from November 5, 2017 until her unlawful termination on October 9, 2023.

7. Plaintiff was employed as a Guest Services Manager at the time of her dismissal, and performed her job well and to the best of her ability at all times.

8. Upon information and belief, Plaintiff performed well in Defendant's twice-yearly audits, and had excellent performance reviews.

9. On September 17, 2023, Plaintiff was speaking to her office clerk after clocking out of work for the day.

10. At that time, a coworker, Sarah Pfaff (Caucasian female) approached Plaintiff and the office clerk in an aggressive manner, yelling loudly, and using profanity towards them.

11. Plaintiff and her office clerk were shocked, as Ms. Pfaff's behavior was completely

unexpected, and neither of them had any idea why she was so irate.

12. Although Plaintiff tried to disengage from Ms. Pfaff several times, Ms. Pfaff continued to harass her until Plaintiff finally left the store.

13. Plaintiff was subsequently informed there would be an investigation surrounding the incident with Ms. Pfaff.

14. However, Plaintiff was neither questioned nor interviewed as part of Defendant's investigation process; nor was the office clerk, who was present and witnessed the incident, interviewed. Plaintiff later learned that only Ms. Pfaff was interviewed, and that she painted Plaintiff as the primary aggressor.

15. On October 9, 2023, twenty-two (22) days after the incident, Plaintiff was summarily terminated upon the pretextual basis of fighting with coworkers; when, upon information and belief, Defendant's adverse action against Plaintiff was based solely on the accusations and opinions of a Caucasian woman over an African American woman.

16. Upon information and belief, Ms. Pfaff complained that Plaintiff had verbally abused her, yet bragged about getting Plaintiff fired the next day.

17. Defendant further has a history of treating African American employees differently that similarly-situated white employees. For example, upon information and belief, another white employee, Keith Wilder, used inappropriate language in front of customers, yet only got demoted and moved to another store, not terminated.

**FIRST CAUSE OF ACTION**
TITLE VII RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

18. Plaintiff reiterates each and every allegation contained in the previous paragraphs as if set forth verbatim herein.

19. Plaintiff is a member of a racially protected class (African American). Plaintiff was

subjected to disparate treatment and a hostile work environment on the basis of her race due to Defendant's, and Defendant's agents, racially hostile treatment towards her in violation of Title VII of the Civil Rights Act of 1964, as amended.

20. Defendant, by and through its agents, began a pattern and practice of targeting Plaintiff through systemic race-based harassment, and disregard for Plaintiff's numerous complaints of racial discrimination. Plaintiff's similarly-situated Caucasian colleagues were not subjected to such treatment, and Defendant made no efforts to protect Plaintiff from the harassment of her Caucasian coworker Sarah Pfaff.

21. Plaintiff alleges that this racially hostile treatment on the job was pretextual, as Defendant made promises that Plaintiff's protected complaints would be addressed. Plaintiff alleges that Defendant, through its agents, initiated discriminatory and hostile practices against Plaintiff which were reckless, wanton, and intentionally discriminatory based on her race; including the one-sided, pretextual investigation of the September 17, 2023 incident involving Ms. Pfaff resulting in Plaintiff's termination.

22. By knowingly allowing racial hostility that was so objectively and subjectively severe and pervasive to continue unabated in the workplace, Defendants created a racially hostile work environment that injured plaintiff considerably.

23. Defendant then compounded the problem when it retaliated against Plaintiff for complaining of both the racial discrimination, and the racially motivated harassment stemming from Defendant's behavior, and the behavior of its agents, by disparately treating and taking adverse employment action against Plaintiff in favor of her less qualified, similarly-situated Caucasian colleagues.

24. In failing to protect Plaintiff from racial discrimination and retaliation, Defendant and its

agents acted with malice and reckless indifference to Plaintiff's federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 USC § 2000e et. seq.), the South Carolina Human Affairs Law, and the United States Equal Employment Opportunity Laws.

25. Plaintiff alleges Defendant, through its agents, initiated discriminatory practices against Plaintiff based upon her race.

26. As a result of Defendant's racial discrimination, and Plaintiff's exposure to a racially hostile work environment, both of which were created and permitted by Defendant, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other such damages as may be permitted by South Carolina law. Plaintiff further believes the pervasiveness of Defendant's conduct warrants the imposition of punitive damages in an amount to be determined by this Court.

## SECOND CAUSE OF ACTION
BREACH OF CONTRACT

27. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

28. Upon information and belief, Defendant maintains an employee handbook that includes policies and practices governing its conduct, and the conduct of its employees. These policies prohibit discrimination and harassment.

29. Plaintiff and Defendant entered into a valid and binding contract. Moreover, Plaintiff relied upon Defendant's assurances to act in conformity with its own policies and procedures regarding conduct in the workplace, anti-discrimination, harassment, and other applicable policies and procedures with respect to Plaintiff.

30. Plaintiff performed her job duties with due diligence. However Defendant, through its

agents, unjustifiably failed to perform its contractual duties by knowingly permitting the racial discrimination and harassment of Plaintiff, by failing to protect her from the retaliatory actions of its agents, and by taking an adverse employment action against Plaintiff; despite her multiple complaints, and in violation of her protected status.

31. All of these actions violate the contractual anti-discrimination provisions within Defendant's Offer Letter of employment to Plaintiff, Defendant's employment handbook (contract), its anti-discrimination and anti-harassment policies, Defendant's workplace conduct policy, and other contractual policies and procedures of Defendant. Defendant further breached its contractual policies and procedures, when it failed to treat Plaintiff equally to its similarly situated their Caucasian employees.

32. Defendant had a duty to ensure Plaintiff would not be subjected to race discrimination. Instead, Defendant failed to treat Plaintiff similarly to her Caucasian counterparts, failed to take any action on Plaintiff's legitimate complaints of racial discrimination and harassment, and retaliated against Plaintiff all in violation of its contractual guarantees provided to Plaintiff through its employee handbook and other company policies and procedures.

33. Defendant's conduct, both directly and through its agents, constitutes bad faith and breaches the covenant of good faith and fair dealing implied in the employment contract.

34. As a result of Defendant's breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional, and consequential damages stemming from the breach, and other such damages as are allowable by law.

### THIRD CAUSE OF ACTION
BREACH OF CONTRACT WITH FRAUDULENT INTENT

35. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set

forth verbatim herein.

36. Defendant, by and through its agents, have failed to fulfill its obligation under its own written policies; including the above-referenced anti-discrimination and anti-harassment policies. Taken together, the promissory and mandatory terms included in Defendant's employment handbook, along with other documents, form a contract with Plaintiff beyond the at-will employment relationship.

37. Defendant's conduct constitutes either an intentional or negligent failure to protect Plaintiff by allowing her to remain in an environment of extreme racial harassment and disparate treatment, despite Plaintiff's multiple complaints, all while assuring Plaintiff of its commitment to shield her from the same.

38. By failing to initiate any objective actions on Plaintiff's behalf, by failing to conform to its own policies, and by continuing to permit an environment of racially disparate treatment and harassment, Defendant demonstrates a fraudulent intention to protect Plaintiff from harm.

39. Defendant's conduct, both directly and through its agents, constitutes bad faith and breaches the covenant of good faith and fair dealing that is implied in the employment contract.

40. As a result of Plaintiff's continued exposure to racial discrimination, under circumstances directly within Defendant's control, and Defendant's fraudulent breach of contract, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Further, the pervasiveness Defendant's conduct warrants the imposition of punitive damages in an amount to be determined by the Court.

## JURY TRIAL DEMANDED

41. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

42. **WHEREFORE**, Plaintiff prays that this Honorable Court declare that Defendant's actions violated the rights guaranteed to Plaintiff, and issue judgment as follows:

   a. Declaring the actions complained of herein illegal;

   b. Issuing an injunction enjoining Defendant, its agents, employees, successors, attorneys, and those acting in concert or in participation with Defendant from engaging in the unlawful practices set forth herein; as well as any other employment practices shown to be in violation of 42 USC § 2000(e) et. seq. (race discrimination/ racially hostile work environment), including, but not limited to, breach of contract, breach of contract with fraudulent intent, and violation of the common laws of the State of South Carolina.

   c. Awarding Plaintiff both compensatory and punitive damages for each Cause of Action contained herein as appropriate; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

   d. Awarding Plaintiff her costs and expenses associated with this action, including reasonable attorney fees, and other litigation expenses; and

   e. Granting such other and further relief as this Court deems just, necessary and proper to afford complete relief to Plaintiff.

Respectfully Submitted,

\_\_s/Donald Gist_____
Donald Gist, Esq. Fed. ID# 7178
Erica McCrea, Esq. Fed. ID# 13493
***GIST LAW FIRM, P.A.***
4400 North Main Street
Columbia, South Carolina 29203
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
       ericamccrea.gistlawfirm@gmail.com

***Attorneys for Plaintiff***

April 18, 2024