

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ANGELA BAKER,<br>　　　　Plaintiff,<br><br>vs.<br><br>LOWES FOOD, LLC,<br>　　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 3:24-2082-MGL<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

　　　Plaintiff Angela Baker (Baker), a black woman, brought this lawsuit against her former employer, Defendant Lowes Food, LLC (Lowes). She asserts federal claims of race discrimination, violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and two state law claims: breach of contract and breach of contract with fraudulent intent.

　　　The Court has jurisdiction over Baker's discrimination claims in accordance with 28 U.S.C. § 1331, and supplemental jurisdiction over her state contract claims under 28 U.S.C. § 1367.

　　　The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting Lowes's motion for summary judgment be granted. The Magistrate Judge prepared the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 11, 2025, Baker filed her objections on March 25, 2025, and Lowes filed its reply on April 8, 2025. Having carefully reviewed Baker's objections, the Court holds them to be without merit. It will therefore enter judgment accordingly.

The Court will first provide a brief survey of the applicable federal race discrimination law. Title VII makes it unlawful for employers to take any personnel actions affecting employees "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). With a lack of direct evidence of discrimination, which is what we have here, a plaintiff may proceed under the burden-shifting paradigm set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to prove her case. The Fourth Circuit has succinctly described the framework as follows:

"Under the burden-shifting framework, a plaintiff must first offer a prima facie case." *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 649 (4th Cir. 2021). To do so, the plaintiff must establish (1) her membership in a protected class; (2) the employer took an adverse action against the plaintiff; (3) the plaintiff had been satisfying the employer's legitimate expectations at the time of the adverse action; and (4) the adverse action occurred under circumstances raising a reasonable inference of unlawful discrimination, which includes because the employer left open the position or replaced the plaintiff with someone outside the protected class. *Id*. at 649-50.

"Once a plaintiff makes out a prima facie case, the burden shifts to the employer to put forth a nondiscriminatory explanation for its actions." *Id*. "If the employer does so, the burden then shifts

back to the plaintiff to show . . . the employer's explanation was actually a pretext for discrimination." *Id.*(citation omitted) (internal quotation marks omitted).

According to Lowes, its "nondiscriminatory explanation" for terminating Baker, *id*. is it "believed Baker to be the instigator and the aggressor in an altercation with her direct report and believed . . . her behavior, in the presence of other employees and customers, was inappropriate and worthy of separation." Lowes's Motion for Summary Judgment at 2. The altercation/incident occurred on September 17, 2023. "Jason Scruggs [is] the human resources professional who investigated the incident and recommended [Baker's] termination[.]" Lowes's Reply at 7.

What follows is a short synopsis of the relevant facts:

> On September 19, 2023, a part-time hourly employee at Store 267, Sarah Pfaff (Pfaff), contacted Scruggs regarding an incident that occurred at Store 267 two days prior on September 17, 2023, between her and [Baker], who was her direct supervisor. In her conversation with Scruggs, Pfaff—who was audibly upset—briefly described what happened, telling him . . . [Baker] aggressively confronted her in the front of the store called the Front Porch. Pfaff also explained that [Baker] had used derogatory language toward her.

Report at 5 (citations omitted) (internal quotation marks omitted).

"One of the witnesses to the incident Pfaff identified was Monica Orr (Orr), a black female, who, at the time of the incident, was an Office Clerk[,] who reported directly to [Baker]." Report at 6 (citation omitted) (internal quotation marks omitted). "Scruggs visited Store 267 on September 22, 2023, to interview Orr as part of his ongoing investigation." *Id.* (citation omitted). According to Scruggs,

> When [he] spoke with . . . Orr, [he] asked her to provide a written statement about what she observed on September 17, 2023[,] between Baker and . . . Pfaff. . . . Orr declined to provide a written statement. Instead, . . . Orr asked [Scruggs] to watch surveillance footage of the

3

> incident captured on the store's surveillance cameras. As [they] watched the video, . . . Orr described for [Scruggs] what she recalled was being said in the video footage as the video recording did not have sound, and she provided her observations of the incident.
>
> . . . Orr's explanation corroborated . . . Pfaff's version of events from her written statement. . . . Orr explained . . . Baker had aggressively approached her and . . . Pfaff on the Front Porch (which was shown on the video footage) late in the afternoon on September 17, 2023, after Baker had clocked out for the day. . . . Orr described that Baker eventually followed . . . Pfaff to a register after . . . Pfaff had walked away (which was shown on the video footage), and had used derogatory language toward . . . Pfaff, including calling her a "little girl" and a "bitch," which eventually brought . . . Pfaff to tears. . . . Orr stated . . . at multiple points during the altercation . . . she told Baker to leave the store, emphasizing . . . Baker was the Guest Services Manager and she should not act in the manner she was acting. . . . Orr described that she eventually stepped in between Baker and . . . Pfaff in an attempt to de-escalate the situation, but . . . . Baker leaned over her and pointed her finger at . . . Pfaff. Eventually, when . . . Orr walked away from the scene stating . . . she no longer wanted to be involved, Baker left the building. [Scruggs] understood from . . . Orr . . . there had been a Lowes customer . . . at the nearby register, as well as another Lowes employee, the cashier at the register.

Report 6-7 (citation omitted).

Baker offers seven objections to the Report. Her first five objections concern her Title VII race discrimination claim.

First, she objects to the Magistrate Judge's conclusion she "failed to prove . . . the legitimate reason offered by [Lowes] for her termination is pretext for discrimination[.]" Objections at 5. She "contends . . . [Lowes's] stated, non-discriminatory reason for her termination was false and . . . she was pretextually terminated based on her race." *Id*. at 7.

According to Baker, Lowes's "proffered reason for her termination was not sufficient to motivate her discharge, as evidenced in the [its] blatant disregard and failure to reprimand her similarly situated colleagues when they knowingly committed the alleged policy infractions." *Id.*

Her fifth objection is much the same. There, she objects to the Magistrate Judge's recommendation she "fails to show . . . she was subjected to disparate treatment when she was terminated and . . . other Caucasian employees were treated better than she was and failed to identify how these employees were similarly situated to her[.]" Objections at 5.

"The similarly situated element requires a plaintiff to provide evidence . . . the proposed comparators are not just similar in some respects, but similarly-situated in all respects." *Cosby v. SC Prob., Parole & Pardon Servs.*, 93 F.4th 707, 714 (4th Cir. 2024) (citation omitted) (internal quotation marks omitted). "To that end, the plaintiff must prove . . . she and the comparator dealt with the same supervisor, were subject to the same standards, and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.* (citation omitted) (internal quotation and alteration marks omitted).

As the Magistrate Judge correctly observed, Baker "does not . . . attempt to counter Lowes's evidence . . . these individuals are not similarly situated to her in that they (1) did not report to the same manager at the time of [Baker's] termination for her misconduct, (2) did not hold the same position as [Baker], and/or (3) did not engage in misconduct sufficiently similar to [Baker's] misconduct." Report at 13-14 (quoting Lowes's Reply at 6).

Additionally, Baker has failed to establish "[Lowes's] stated, non-discriminatory reason for her termination was false and . . . she was pretextually terminated based on her race." Objections at 7.

5

Consequently, the Court will overrule Baker's first and fifth objections.

In Baker's second objection, she takes issue with the Magistrate Judge's determination Lowes "has offered admissible, relevant evidence in support of its motion for summary judgment[.]" Objections at 5. Closely related to this objection are her third and fourth objections.

In Baker's third objection, she disagrees with the Magistrate Judge's assertion she "failed to offer argument, case law, or evidence to support her position . . . the [C]ourt should reject [Lowes's] evidence or to clearly indicate how this position supports her opposition to [Lowes's motion for summary judgement[.]" *Id*. And, in her fourth objection, she objects to the Magistrate Judge's suggestion she "failed to offer any evidence or argument concerning the key facts of this case[.]" *Id*.

In support of these objections, Baker makes the following arguments:

> [Lowes's] argument is flawed by the direct testimony of . . . Orr and her lack of credibility as a witness, which is a substantial component to [its] argument . . . [Baker's] termination was not discriminatory and warranted. . . . Orr did not initially provide written testimony as to the event that occurred on September 17, 2023, that ultimately led to [Baker's] termination. In fact, . . . Orr waited five days to meet with . . . Scruggs to provide her oral recollection of the event through observations of video footage with no sound. This lapse in time . . . Orr took to come forward to testify as to what happened on September 17, 2023, and her recollection of the event being stated through her review of the video footage with no sound, demonstrates a clear genuine issue of material fact. . . . Orr's statements were conclusory and self-serving and were mere speculation when given to . . . Scruggs, who had the ultimate decision-making authority in terminating [Baker]. Furthermore, when . . . Orr provided her deposition testimony, [she] stated she received a promotion from [Lowes] in October of 2023. Orr's testimony at the [d]eposition was self-serving and conclusory. In addition, [Baker] contends . . . the video footage used to terminate [Baker] was never produced to [her] in [d]iscovery even though [she] requested such documentation in [d]iscovery months before [Lowes's] current [m]otion for [s]ummary [j]udgment was filed.
>
> Furthermore, [Baker] asserts . . . such video footage should not have been used as evidence for [her] termination as such video footage did not contain sound therefore, inhibiting the ability to truly decipher

> who was the true aggressor in the September 17, 2023, incident. [Baker] deserves to testify about her rendition of the video footage depicting time and location within the store regarding the alleged misconduct by [her]. [Baker] emphatically denies misconduct and believes . . . a trier of fact should attest to [her] credibility as opposed to . . . Orr's self[-]serving testimony. Accordingly, [Lowes's] offered evidence should be viewed as lacking credibility and therefore, should be rejected as a relevant basis to support its motion for summary judgment.

Objections at 9-10.

The Court will briefly address these arguments. Baker fails to show Orr's testimony is incredible, conclusory, self-serving, and speculative such that it should be ignored here. As to the five-day delay in Orr's meeting with Scruggs, the Court is unable to fathom the import of this fact.

The Court declines to agree with Baker the video lacking sound makes for a genuine issue of material fact. The Court assumes Orr's oral recollection of the incident was helped, versus hurt, by being able to watch the video as she recounted the events involved in the incident.

Further, the Court is unable to fathom how the promotion of Orr, a black female, indicates discrimination such that summary judgment is inappropriate.

Regarding Baker's failure to receive the video footage, as the Magistrate Judge explained in the Report,

> [Lowes] has offered unrebutted evidence that in October 2023, prior to the initiation of [Baker's] Charge of Discrimination submitted to the Equal Employment Opportunity Commission . . . on November 20, 2023, video surveillance footage of the September 17, 2023, incident at Store 267 was recorded over in the ordinary course by new footage after fifteen days, as that was the system's maximum storage capacity. Additionally, the [C]ourt cannot discern how [Baker's] inability to access this evidence creates a genuine dispute of material fact in this case.

Report at 13 n.8 (citations omitted).

In sum, it is highly suspect to say Baker has established a prima facie case of her Title VII claim. After all, the third element requires she show she "had been satisfying the employer's legitimate expectations at the time of the adverse action[.]" The evidence of the September 17, 2023, incident suggests she is unable to demonstrate she can satisfy that factor.

But, even if she could make out a prima facie case of discrimination, she has failed to show the employer's explanation for terminating her, the September 17, 2023, incident, was instead a pretext for discrimination. Speculation and conjecture, which is all she has presented to the Court, are an insufficient basis on which to make such a determination. Consequently, the Court will overrule Baker's second, third, and fourth objections, as well.

Baker's last two objections concern her breach of contract and breach of contract with fraudulent intent claims.

In Baker's sixth objection, she maintains the Magistrate Judge's conclusion she "failed to identify any specific and mandatory contract terms allegedly breached[.]" Objections at 5.

Here, Baker states "[t]he Magistrate denies [her] the opportunity to delve into the company's policies and procedures and bring forth evidence to show potential the absence of a disclaimer or evidence of mandatory language which can constitute a contractual obligation and reliance thereupon." Objections 12-13. But, it is unclear how it was the Magistrate Judge kept her from doing this.

All she had to do was to present the evidence; yet, she neglected to do so. Therefore, the Court will also overrule her sixth objection.

Seventh, Baker objects to the Magistrate Judge's determination she "failed to offer any evidence in support of her argument . . . [Lowes] breached its own mandatory policies and

procedures to discriminatorily terminate [her] while other similarly situated employees of similar authority were never reprimanded for their egregious actions." Objections at 5.

But, as the Magistrate Judge aptly observed, "[Baker] has failed to offer any evidence in support of this argument." Report at 17. Accordingly, the Court will overrule Baker's seventh objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules all of Baker's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of this Court Lowes's motion for summary judgment is **GRANTED**.

Baker asks for oral argument. But, that is outside the custom and practice of this Court. Also, she fails to give a convincing reason why it is necessary. Everything she asks to present at oral argument could and should have been presented to the Court already. Therefore, the request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of April, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE